744 So.2d 1283 (1999)
William SPEER
v.
Thomas S. WHITECLOUD, III, M.D., et al.
No. 99-CC-1879.
Supreme Court of Louisiana.
October 15, 1999.
Rehearing Denied November 24, 1999.
PER CURIAM.[*]
This case arises from a medical malpractice suit filed by plaintiff, William Speer, against Dr. Thomas Whitecloud. Essentially, plaintiff alleges Dr. Whitecloud committed malpractice in 1992 when he surgically implanted a pedicle screw device into plaintiff's spine.
During discovery, plaintiff propounded interrogatories on Dr. Whitecloud requesting the names of the manufacturers and the model numbers of the pedicle screw devices used in a 1994 study published by Dr. Whitecloud. Plaintiff specifically admits he is concerned solely with the devices used in the study, not the identity of the patients.
*1284 Dr. Whitecloud objected to the request, on the ground that La. R.S. 13:3715.1 requires that a subpoena duces tecum, a court order, or consent of the patient is required before medical records can be released. Plaintiff filed a motion to compel Dr. Whitecloud to answer the interrogatories. After a hearing, the trial court ordered Dr. Whitecloud to respond to the interrogatories.
Dr. Whitecloud applied for supervisory writs from this ruling. The court of appeal granted Dr. Whitecloud's application and reversed the trial court's ruling, concluding that plaintiff was required to follow the procedure set forth in La. R.S. 13:3715.1 in order to obtain discovery of the records. Plaintiff now seeks review of this ruling.
Under the unique circumstances of this case, we find the court of appeal erred in requiring plaintiff to follow the procedures set forth in La. R.S. 13:3715.1 in order to obtain the requested discovery. It is undisputed that plaintiff does not seek any personal, identifying information regarding the patients in the study; rather, he simply seeks to learn the model numbers and manufacturers of the pedicle screws used in the study. Once any personal information which would identify the patients is redacted from these records, the requested discovery does not invade the physician-patient privilege, and the need for the protections set forth in La. R.S. 13:3715.1 is eliminated.
Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the judgment of the trial court is reinstated. Dr. Whitecloud is ordered to comply with the requested discovery, subject to the provision that any personal information which would identify the patient be redacted from the records prior to production. The case is remanded to the trial court for further proceedings.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part II, § 3.